**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APPARATUS LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>BYRNE ELECTRICAL SPECIALISTS,<br>INC.,<br><br>                    Defendant. | ECF Case<br><br>Civil Action No. 19-cv-10495<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Apparatus LLC ("Plaintiff" or "Apparatus"), by and through its undersigned attorneys, complains and alleges against defendant Byrne Electrical Specialists, Inc. ("Byrne" or "Defendant") as follows:

## INTRODUCTION

1.      This is an action for trademark infringement, false designation of origin, and unfair competition as a result of Defendant's willful infringement of Plaintiff's trademark rights in its APPARATUS mark, and other unlawful activities conducted by Defendant in connection with such willful infringement.

2.      Apparatus is a New York-based design studio celebrated for creating experimental and vintage-inspired light fixtures and objects that fuse contemporary materials with sculptural forms. Appearing frequently in leading publications such as The New York Times, Interior Design, Home & Design, Financial Times, Architectural Digest, Town and Country, and The Wall Street Journal, Apparatus's designs are favored by celebrities and taste makers, furnishing elegant homes and cutting edge hot spots alike.

3.      Since its founding in 2011, Apparatus has experienced tremendous sales growth and increased recognition within the architectural and home design industry along with consumers.

4.     Apparatus is the owner of one valid and subsisting trademark registration issued by the United States Patent and Trademark Office ("USPTO") and three pending trademark applications filed with the USPTO covering the APPARATUS mark in a multitude of classes of goods and services.  Apparatus also owns common law rights in the APPARATUS mark.

5.     On information and belief, Byrne—with full knowledge of and complete disregard for Apparatus's rights—has sourced, promoted, advertised, distributed, sold, and offered for sale in the United States an electrical power extension cord bearing the mark "APPARATUS" (hereinafter referred to as the "Infringing Mark").

6.     By sourcing, promoting, advertising, distributing, selling, and offering for sale an electrical cord extension under the Infringing Mark, Defendant has created and profited from consumer confusion, while undermining Apparatus's deserved reputation for innovative design and exclusivity.

7.     Accordingly, Apparatus brings the following action for trademark infringement false designation of origin, and unfair competition pursuant to Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, trademark dilution in violation of New York General Business Law §360-1, and trademark infringement and unfair competition in violation of the common law of New York.

## THE PARTIES

8.     Plaintiff Apparatus is a limited liability company existing under the laws of New York and having a principal place of business at 124 West 30th Street, New York, New York 10001.

9.     On information and belief, defendant Byrne Electrical Specialists, Inc. is a corporation existing under the laws of Michigan and having a principal place of business at 320 Byrne Industrial Drive, Rockford, Michigan 49341.

10.     On information and belief, Defendant is a manufacturer, distributor, marketer, and seller of light electrical and electronic products such as power and charging stations.

11.     On information and belief, Defendant imports, markets, distributes, and sells products to purchasers located throughout the United States and in this judicial district.

## JURISDICTION AND VENUE

12.     This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and related state claims under the statutory and common law of the State of New York.

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) for claims arising under the trademark laws of the United States; and has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for claims arising from violations of the New York General Business Law and the common law of the State of New York.

14.     This Court has personal jurisdiction over Defendant because Defendant sold and offered for sale the products bearing the Infringing Mark to customers located in New York and in this Judicial District. Further, on information and belief, Defendant regularly transacts business in New York, regularly does business in New York, and has derived substantial revenues from products sold and used in New York, including the products bearing the Infringing Mark.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

### Apparatus and its APPARATUS mark

16.     Apparatus is a New York-based design studio celebrated for creating experimental and vintage-inspired lighting fixtures, furniture, and decorative objects that fuse contemporary materials with sculptural forms.

17.     Apparatus was cofounded in 2011 by Jeremy Anderson and creative director Gabriel Hendifar, who, prior to launching the company, was a fashion and interior designer working with couture fashion labels. Together, Mr. Hendifar and Mr. Anderson designed light fixtures for Mr. Hendifar's apartment. Encouraged by the enthusiastic response to their DIY weekend projects, Mr. Hendifar and Mr. Anderson relocated from Los Angeles to New York and launched Apparatus in 2011.

18.     A mere eight years after its founding, Apparatus now employs a team of sixty-eight people, selling over 5,000 pieces annually to clients around the world including in Europe, Canada, Asia, and Australia.

19.     The design community has celebrated Apparatus as an exciting new voice and emerging leader in the field. By way of example, The Wall Street Journal Magazine in an April 3, 2018 articled stated "[s]ince its debut in 2012, the Manhattan-based design studio Apparatus has evolved from a scrappy start-up into a stylish juggernaut whose furniture, lighting and objects are known for their urbane elegance."

20.     Apparatus has garnered critical praise from taste makers and globally influential publications, having been featured in The New York Times, Interior Design, Home & Design, Financial Times, and Architectural Digest, to name just a few.  In its September 2016 edition, Architectural Digest devoted an entire article to Apparatus, extolling the firm as "trendsetting,"

and applauding Mr. Hendifar as a "creative mastermind" responsible for designing "coveted light fixtures…."  In its October 2018 issue, <u>Architectural Digest</u> once again featured Mr. Hendifar and Mr. Anderson among their 'Designers on the Rise' with a three-page article.  Further, in its current October 2019 issue, <u>Town & Country</u> has lauded Apparatus as "the Pied Pipers of Design."  Representative samples of such articles are attached as <u>Exhibit A</u>.

21.    Apparatus's lighting fixtures have been received favorably by consumers, the design industry, and the press.  These items include, but are not limited to the following below:



Synapse                    Cloud                    Highwire

 

Lantern          Talisman

22.     Apparatus has sold light bulbs in collaboration with Tala to complement its lighting fixtures.  An image of packaged light bulbs bearing the APPARATUS mark appears below.



23.     Apparatus also sells a collection of furniture, such as the pieces shown below.



| Portal | Segment | Pars |
| --- | --- | --- |

| Drum | Match |
| --- | --- |

24.     All of Apparatus's products shipped by Apparatus come packaged in boxes bearing the APPARATUS name.   Below is an image of products that are packaged for consumers:



25.     All Apparatus lighting fixtures and furniture are accompanied by installation instructions bearing the APPARATUS name.  All Apparatus decorative objects are accompanied by care instructions bearing the APPARATUS name as shown below.

26.     Apparatus has also collaborated with several companies including Zak + Fox, Cinnamon Projects, and Alice Goldsmith on various projects for the home

27.     From 2012 through September 30, 2019, Apparatus's total revenues were in excess of $75 million, which includes approximately $50 million from U.S. sales alone.

28.     Apparatus has an active presence online.  Since 2012, its website has been at the domain www.apparatusstudio.com.   The website conspicuously features the APPARATUS mark, as shown in the screen shot below, which is a shot of Plaintiff's current website.



Most pages of the website feature the APPARATUS mark.  See Exhibit B.  Through Apparatus's website, users can make purchases, review its product offerings, and obtain general information about the brand.  On average, there are approximately 350,000 visitors to its website each year.

29.     Furthermore, Apparatus has more than 184,000 followers of its Instagram account.  Printouts of representative samples of posts to our Instagram account are attached as Exhibit C.  As can be seen, these posts can garner well over 2,000 "likes" from its followers.

30.     Apparatus has also attended a number of trade shows, such as the International Contemporary Furniture Fair ("ICFF") held each year at the Javits Convention Center in Manhattan, and West Edge Design Fair in southern California.  In 2016 and 2017, Apparatus attended Collective Design Fair in New York City. Further, in 2019, Apparatus attended the Salon Art+Design at the Park Avenue Armory in New York City, which features 56 of the world's most influential galleries in art, architecture, and design.  Its booth at these trade shows prominently displays the APPARATUS name as shown below.



31.   Apparatus's primary showroom is in New York City, and it has opened showrooms in Milan, Italy, and Los Angeles, California.

32.   A November 14, 2018 <u>Architectural Digest</u> article regarding the opening of the Los Angeles showroom lauded that "[i]n typical Apparatus style, the presentation is a knockout."

33.   Apparatus's products are also promoted and sold through showrooms across the United States, including, but not limited to, BDDW in New York, Jay Jeffers The Store in San Francisco, Room in Greenwich, Connecticut, R Hughes in Atlanta, Monc XIII in Sag Harbor, New York, Atelier Gary Lee in Chicago, Ed'it in Miami, and Garde in Los Angeles.

34.   Apparatus is the owner of valid and subsisting United States Trademark Registration No. 5,179,487 on the Principal Register in the U.S. Patent and Trademark Office ("USPTO") for   A P P A R A T U S   in the following International Classes:

> Class 24: Fabrics that may or may not have printed patterns and designs thereon for use in textile applications, namely, the manufacture of wallpaper.
>
> Class 27: Textile lined wallpaper; Wallpaper; Wallpaper in the nature of roomsize decorative adhesive wall coverings; Wallpaper with a textile covering; Wallpapers.

Attached as Exhibit D is a true and correct copy of the registration certificate for APPARATUS, which was issued by the USPTO on April 11, 2017.

35.    Apparatus is also the owner of a pending United States Trademark Application Ser. No. 87/961,548 for APPARATUS covering the following class:

> Class 11: Electric lighting fixtures; sconce lighting fixtures; Lighting fixtures; LED (light emitting diode) lighting fixtures; Ceiling lights; Lamps; Pendant lighting fixtures; table lamps; wall lamps; floor lamps; chandeliers.

Attached as Exhibit E is a true and correct copy of the pending trademark application (Ser. No. 87/961,548) for APPARATUS filed on June 14, 2018.  This application has been suspended by the USPTO citing Byrne's pending, prior filed intent-to-use application (Serial No. 87/851,305) for APPARATUS as a possible obstacle to registration if the Byrne application matured into a trademark registration.

36.    Apparatus is the owner of a second pending United States Trademark Application Ser. No. 88/568,408 for APPARATUS covering the following:

> Class 20: Console tables; Occasional tables; Tables.
>
> Class 21: Bowls; Candlesticks; Vases.
>
> Class 24: Textile fabrics for home and commercial interiors.
>
> Class 27: Wall coverings of textile.

Attached as Exhibit F is a true and correct copy of the pending trademark application (Ser. No. 88/568,408) for APPARATUS filed on August 6, 2019.

37.     Apparatus is the owner of a third pending United States Trademark Application Ser. No. 88/603,898 for APPARATUS covering the following:

> Class 35: Online retail store services, retail stores and mail order catalog services in the fields of furniture, lighting, vases, bowls, textiles and wall coverings.

Attached as Exhibit G is a true and correct copy of the pending trademark application (Ser. No. 88/603,898) for APPARATUS filed on September 4, 2019.

38.     Apparatus has used the APPARATUS mark in commerce throughout the United States since at least as early as 2012.

39.     As a result of its widespread, continuous, and exclusive use of the APPARATUS mark to identify its goods and services, Plaintiff owns valid and subsisting federal statutory and common law rights to the APPARATUS mark.

40.     The APPARATUS mark is distinctive to both the consuming public and Apparatus's trade.

41.     As a result of Apparatus's expenditures, exposure, and efforts, the APPARATUS mark has come to signify the high quality of its consumer products and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Apparatus.

**Defendant's Infringing Actions**

42.     On information and belief, Defendant is engaged in manufacturing, distributing, marketing, advertising, promoting, offering for sale, and selling electrical power extension cords, including, but not limited to electrical power extension cords that are usable at a furniture article among other things.

43.     On information and belief, Defendant operates a website, www.byrne.com, where it sells products to consumers.

44.     Without Apparatus's authorization, and upon information and belief, beginning after Apparatus acquired protectable exclusive rights in its APPARATUS mark, Byrne adopted and began using the "APPARATUS" mark for electrical power extension cords in U.S. commerce.

45.     The Infringing Mark adopted and used by Defendant is identical to Plaintiff's APPARATUS mark.

46.     Had Defendant conducted a Google search for "Apparatus" or a search of the Trademark Office's records for "Apparatus," it would have uncovered Apparatus and its use of the APPARATUS mark.

47.     On information and belief, despite having actual notice of Apparatus's trademark rights, Defendant nevertheless manufactured, distributed, marketed, advertised, promoted, offered for sale, and sold electrical power extension cords under the Infringing Mark with the intent to violate Apparatus's rights, or, at a minimum, did so with reckless disregard for and willful blindness toward Apparatus's rights.

48.     Upon learning of Byrne's application, on October 22, 2018, Apparatus's counsel sent a letter to Byrne advising Byrne of Apparatus's prior use of the APPARATUS mark.  The letter also requested that Byrne withdraw its pending trademark application and refrain from selling any products or offering any services in connection with the APPARATUS trademark. The letter requested a response by November 2, 2018.  A copy of the October 22 letter, without exhibits, is attached as Exhibit H.

49.     Apparatus's counsel did not receive any response from Byrne by the November 2 deadline.  Accordingly, Apparatus's counsel followed-up with Byrne, by e-mail, on November 6, 2018.  A copy of the November 6 e-mail, without attachments, is attached as Exhibit I.

50.     Apparatus's counsel did not receive any response to its November 6 e-mail. As Byrne was not, to Apparatus's knowledge, selling any "Apparatus" products at that time, Apparatus's counsel monitored the status of Byrne's trademark application.   They also monitored Byrne's website and conducted internet searches to determine whether or not Byrne had begun offering an "Apparatus" product.

51.     On May 29, 2019, Apparatus's counsel called Byrne's outside counsel, to discuss the matter.  The parties could not come to a resolution during the call.  Apparatus's counsel sent an email to Byrne's counsel confirming the conversation and forwarding a complete copy of the October 22, 2018 letter.  A copy of the May 29 email is attached as Exhibit J.

52.     There was no further communications between the sides after the May 29 conversation.

53.     Recently, Apparatus learned that Byrne had started selling the product bearing the Infringing Mark well after Apparatus's counsel put Byrne on notice.   Images of the product are below:





As seen above, Byrne's "Apparatus" product is a power outlet which electrical devices, such as lighting, can be plugged into.  On or about May 19, 2019, Byrne obtained a LEVEL certification from Intertek Testing Services for its "Apparatus" product.  See Exhibit K.

54.     Upon information and belief, Defendant has been engaged in manufacturing, distributing, marketing, advertising, promoting, offering for sale, and selling of electrical power extension cords using the Infringing Mark throughout the United States including in this judicial district.

55.     On further information and belief, Defendant has been engaged in manufacturing, distributing, marketing, advertising, promoting, offering for sale, and selling of electrical power extension cords under the Infringing Mark with willful intent to cause and profit from confusion among consumers and the public at large.

56.     Defendant's willful acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Apparatus and to its valuable reputation and goodwill with the consuming public for which Apparatus has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement – 15 U.S.C. § 1114

57.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

58.     The APPARATUS mark, as embodied in Apparatus's trademark registration and pending trademark applications, is recognized in the United States and in this judicial district as both an emblem of high quality and an unmistakable symbol of Apparatus and its high quality consumer products.

59.     Defendant's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake, or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

60.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Apparatus's prior rights in the APPARATUS mark and with the willful intent to cause confusion and trade on Apparatus's goodwill and reputation.

61.     Defendant's conduct is causing immediate and irreparable harm and injury to Apparatus, and to its goodwill and reputation, and will continue to both damage Apparatus and confuse the public unless enjoined by this Court.  Apparatus has no adequate remedy at law.

62.     In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a)

63.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

64.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

65.     Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Apparatus.

66.     Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of Byrne's electrical power cord extensions.

67.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Apparatus, and to its goodwill and reputation, and will continue to both damage Apparatus and confuse the public unless enjoined by this Court.  Apparatus has no adequate remedy at law.

69.     In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution – N.Y. Gen. Bus. Law § 360-l

70.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

71.     Apparatus is the exclusive owner of the APPARATUS mark.

72.     Through prominent, extensive, and continuous use in commerce, including commerce within New York, the APPARATUS mark has become, and continues to grow ever more distinctive.

73.     Defendant's conduct as alleged herein dilutes and is likely to continue to dilute the distinctive quality of the APPARATUS mark and to lessen the capacity of the APPARATUS mark to distinguish Apparatus's consumer products.

74.     Defendant's conduct as alleged herein is further likely to tarnish the APPARATUS mark in the minds of consumers, thereby lessening the value of the APPARATUS mark as a unique identifier of Apparatus's consumer products.

75.     Defendant has therefore diluted the distinctive quality of the APPARATUS mark, and caused a likelihood of harm to Apparatus's business reputation in violation of Section 360–l of the New York General Business Law.  Apparatus has no adequate remedy at law.

76.     In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under N.Y. Gen. Bus. Law § 360-l, together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement in Violation of New York State Common Law

77.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

78.     Apparatus owns all right, title, and interest in and to the APPARATUS mark, including common law rights.

79.     Without Apparatus's authorization, Defendant misappropriated the APPARATUS mark for use in connection with electrical power extension cords sold under the Infringing Mark. The Infringing Mark is identical to the APPARATUS mark.

80.     Defendant's conduct as alleged herein has caused, and, unless enjoined, will likely continue to cause consumers and the public to mistakenly conclude that the electrical power extension cord sold under the Infringing Mark originates from and/or is sponsored, authorized, or endorsed by Apparatus.

81.     Defendant's conduct as alleged herein therefore constitutes trademark infringement in violation of the common law of the State of New York.

82.     Upon information and belief, Defendant has profited from its unlawful actions and was unjustly enriched to the detriment of Apparatus, and Apparatus has no adequate remedy at law.  Defendant has caused Apparatus damages in an amount to be determined at trial.

83.     In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under the common law of the State of New York, together with prejudgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Unfair Competition and Misappropriation - Common Law**

84.　Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

85.　Defendant's conduct as alleged herein misappropriates and trades upon the fine reputation and goodwill of Apparatus, thereby injuring its reputation and goodwill, and unjustly diverts the benefits rightfully belonging to Apparatus from Apparatus to Defendant.

86.　Defendant's conduct as alleged herein constitutes unfair competition and misappropriation under the common law.

87.　Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of Byrne's electrical power extension cords.

88.　Defendant's conduct as alleged herein has caused and will cause Apparatus to sustain monetary damage, loss, and injury.

89.　Defendant's conduct as alleged herein has been undertaken in bad faith.

90.　Defendant has engaged in the foregoing activities knowingly and willfully and in total disregard of Apparatus's intellectual property rights.  As such, Apparatus has no adequate remedy at law.

91.　In light of the foregoing, Apparatus is entitled to and demands, among other relief, injunctive relief, and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs and expenses of the action under the common law of the State of New York, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Apparatus requests judgment against Defendant as follows:

A.      For a final judgment that Defendant engaged in trademark infringement and false designation of origin in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125; and, that Defendant engaged in trademark dilution, trademark infringement, misappropriation, and unfair competition in violation of the statutory and common laws of the State of New York; and

B.      Granting an injunction preliminarily and permanently enjoining the Defendant and its parents, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and all persons and entities acting in concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

1. manufacturing, producing, marketing, advertising, promoting, displaying, exhibiting, offering for sale, selling, purchasing, importing, distributing, or otherwise trafficking electrical power extension cords under the Infringing Mark, or any other products adopting a mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Apparatus's APPARATUS mark;

2. engaging in any activity that infringes Apparatus's rights in its APPARATUS mark;

3. engaging in  unfair competition with by using "Apparatus" as the name of any product;

4. engaging in any activity that is likely to dilute the distinctiveness of Apparatus's APPARATUS mark;

5. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's electrical power extension cords are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Apparatus  or (ii) Apparatus's consumer products are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

6. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Apparatus or tend to do so;

7. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark "APPARATUS" or any other mark that infringes or is likely to be confused with Apparatus's APPARATUS mark, or any goods or services of Apparatus, or Apparatus as their source; and

8. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

C. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by

or associated, affiliated, or otherwise connected with Apparatus or constitute or are connected with Apparatus's consumer products.

D.     Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark "APPARATUS" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Apparatus's APPARATUS mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Byrne's electrical power extension cords to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark "APPARATUS" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Apparatus's APPARATUS mark, and to immediately remove them from public access and view.

E.     Directing that Defendant recalls and delivers up for destruction all packaging, containers, advertisements, promotions, signs, labels, displays, and related materials incorporating or bearing the mark "APPARATUS" or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Apparatus's APPARATUS mark.

F.     Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark "APPARATUS" or any mark consisting of, incorporating, or

containing Apparatus's APPARATUS mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

G.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Apparatus's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

H.      Awarding Apparatus an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

I.      Directing that Defendant accounts to and pays over to Apparatus all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Apparatus for the damages caused thereby.

J.      Awarding Apparatus punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

K.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Apparatus its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

L.      Awarding Apparatus interest, including prejudgment and post-judgment interest, on the foregoing sums.

M.      Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand

a jury trial on all issues so triable.

Dated: November 13, 2019           Respectfully submitted,
      New York, New York

                              **GOTTLIEB, RACKMAN & REISMAN, P.C.**

By:_____
                    Marc P. Misthal, Esq. (MM 6636)
                    mmisthal@grr.com
                    Jeffrey M. Kaden, Esq. (JMK 2632)
                    jkaden@grr.com
                    Robert P. Feinland, Esq. (RF 0661)
                    rfeinland@grr.com
                    270 Madison Avenue
                    New York, New York 10016
                    (212) 684-3900

                    *Attorneys for Plaintiff Apparatus LLC*